UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ricki Mauritta Shaw,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>Ovesh Momin; Onali Momin; Masuma Momin,<br><br>　　　　　　　　Defendants.<br>_____ | ) C/A No. 6:13-275-JMC-JDA<br>)<br>)<br>)<br>)<br>) Report and Recommendation<br>)<br>)<br>)<br>) |

Plaintiff, Ricki Mauritta Shaw (Plaintiff), proceeding *pro se*, brings this action alleging overtime compensation claims under the Fair Labor Standards Act. Liberally construed, the Complaint also alleges employment discrimination under Title VII of the Civil Rights Act of 1964. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. Having reviewed the Complaint in accordance with applicable law, the undersigned concludes that it should be summarily dismissed.

## Background

The Complaint alleges that Plaintiff did not receive "training, paycheck, money due for overtime." ECF No. 1, page 1. Plaintiff also claims that he "was treated unfairly" and "forced to do all the work while other workers watched." *Id.* at 2. Plaintiff alleged that he was "not paid one of [his] paychecks and was not paid for the multiple times [he] worked over hours." *Id.* The employer allegedly yelled and laughed at Plaintiff, *id.* at 1–2, and treated him "with racism." *Id.* at 2. Plaintiff seeks reimbursement for "money [he] did not

receive from [his] paycheck" and for the "cruel and harsh behaviors" Plaintiff had to endure. *Id.* at 5.

## Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915; and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

As the Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976). Even under this less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Discussion

The Complaint alleges that the Defendants have failed to pay Plaintiff money "due for overtime," or for working "over hours." *Id.* at 1–2. Under the Fair Labor Standards Act ("FLSA") employees are entitled to payment of one and one-half times their regular rate for hours worked in excess of forty hours in any workweek. 29 U.S.C. § 207(a)(1); *see also Davis v. Food Lion*, 792 F.2d 1274, 1276 (4th Cir. 1986). To prevail on an FLSA

2

claim, an employee must demonstrate that he worked overtime hours without compensation and that the employer knew of such work. *See Lyle v. Food Lion, Inc.*, 954 F.2d 984, 987 (4th Cir. 1992). To establish "that he has in fact performed work for which he was improperly compensated" a plaintiff must "produce [] sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946), *superseded in part by statute on other grounds*, 29 U.S.C. § 251 *et seq.* Courts "have expressed differing views as to the level of factual detail necessary to plead a claim for overtime compensation under the FLSA." *Butler v. DirectSat USA, LLC*, 800 F. Supp. 2d 662, 667–68 (D. Md. July 6, 2011) (collecting cases). Under the less stringent standard, courts have held that a plaintiff must allege failure to receive compensation for overtime worked in excess of forty hours. *See Hawkins v. Proctor Auto Serv. Ctr., LLC*, C/A No. RWT 09cv1908, 2010 WL 1346416, at *1 (D. Md. March 30, 2010) (complaint sufficient where it alleged plaintiff worked more than forty hours per week without overtime compensation); *Simmons v. United Mortg. & Loan Inv., LLC*, C/A No. 3:07CV496-MU, 2008 WL 2277488, at *3 (W.D.N.C. May 30, 2008) (denying defendant's motion to dismiss FLSA overtime claim where plaintiff alleged failure to pay overtime compensation for work in excess of forty hours). Courts applying a more stringent standard have held "that a plaintiff cannot merely allege that he worked in excess of forty hours, but must also approximate the number of hours worked without proper compensation and his hourly rate of pay." *Pruell v. Caritas Christi*, C/A No. 09-11466-GAO, 2010 WL 3789318, at *3 (D. Mass. Sept. 27, 2010); *see also Mell v. GNC Corp.*, C/A No. 10-945, 2010 WL 4668966, at *8 (W.D. Pa.

3

Nov. 9, 2010) (plaintiffs' claim insufficient where it failed to estimate the time period in which they worked without proper overtime compensation); *Anderson v. Blockbuster, Inc.*, C/A No. 2:10-158-MCE-GGH, 2010 WL 1797249, at *2–3 (E.D. Cal. May 4, 2010); (finding conclusory allegation that plaintiff worked in excess of forty hours a week without compensation insufficient).

The instant Complaint's FLSA claim is subject to summary dismissal because it fails to meet even the less stringent pleading standard applied by federal courts. While Plaintiff alleges non-payment of wages for working overtime or "over hours," ECF No. 1 at 1–2, the Complaint provides no facts to indicate that Plaintiff worked in excess of forty hours in any workweek. The Complaint is also devoid of any information regarding Plaintiff's rate of pay, the number of overtime hours worked, or the type of work performed during those time periods. As such, Plaintiff's FLSA claim is subject to summary dismissal. *See Pruell v. Caritas Christi*, C/A No. 09-11466-GAO, 2010 WL 3789318, at *3 (D. Mass. Sept. 27, 2010)(complaint could not satisfy less stringent pleading standard where plaintiff did not allege work in excess of forty hours a week); *Jones v. Casey's General Stores*, 538 F. Supp. 2d 1094, 1102 (S.D. Iowa 2008) (complaint insufficient where plaintiffs alleged they "regularly worked . . . overtime each week but were not paid . . . overtime wages.").

The instant Complaint also alleges that the Defendants have discriminated against Plaintiff based on his race. Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, creates a federal cause of action for employment discrimination. *Davis v. North Carolina Dep't of Corrections*, 48 F.3d 134, 136–37 (4th Cir. 1995). Title VII provides that

"a federal discrimination claim brought by a private party cannot be heard by a federal district court until the EEOC has conducted an investigation and determined the validity of the claim." *Davis*, 48 F.3d. at 137–38 (citing § 2000e-5(b)). The EEOC must then decide whether it will bring a claim in federal court or if it will issue a "right-to-sue" letter to the claimant, "which letter is essential to initiation of a private Title VII suit in federal court." *Id.* at 138. Thus, a Title VII plaintiff must first exhaust administrative remedies before filing a claim in federal court. *Sloop v. Memorial Mission Hosp., Inc.*, 198 F.3d 147, 148 (4th Cir. 1999).

The Complaint in this case did not indicate whether Plaintiff had received, or was entitled to, a "right to sue" letter. However, Special Interrogatories answered by Plaintiff state that he has not filed an administrative complaint with the EEOC and has not received any "right to sue" letter regarding the instant employment discrimination claim. ECF No. 12. The Fourth Circuit has "long held that receipt of, or at least entitlement to, a right-to-sue letter is a jurisdictional prerequisite that must be alleged in a plaintiff's complaint." *Davis*, 48 F.3d. at 140; *see also Puryear v.County of Roanoke*, 214 F.3d 514, 518 (4th Cir. 2000) ("After a charge is properly filed with the EEOC, the aggrieved person may initiate a civil action based on the Title VII claims made in her EEOC charge only after receipt of a right-to-sue letter."). Where the complaint does not allege that the plaintiff has complied with Title VII's prerequisites, "the plaintiff has not 'properly invoked the court's jurisdiction under Title VII.'" *Davis*, 48 F.3d. at 140 (quoting *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979)). The Fourth Circuit recently reaffirmed that "federal courts lack subject matter jurisdiction over Title VII claims for

which a plaintiff has failed to exhaust administrative remedies." *Balas v. Huntington Ingalls Indus., Inc.*, No. 12-1201, 2013 WL 1019625, at *3 (4th Cir. March 15, 2013) (citing *Jones v Calvert Grp, Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009)).  As Plaintiff has not yet exhausted his administrative remedies, this Court cannot exercise jurisdiction over Plaintiff's employment discrimination claim.

<u>Recommendation</u>

Accordingly, it is recommended that the District Judge dismiss the Complaint in the above-captioned case without prejudice.  Plaintiff's attention is directed to the important notice on the next page.

March 21, 2013                                                                 s/Jacquelyn D. Austin
Greenville, South Carolina                                           United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).